UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **BRIAN TOLLOTY, et al.,** | ) | **CASE NO.5:11CV1644** |
| | ) | |
| PLAINTIFFS, | ) | **JUDGE SARA LIOI** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION &** |
| **REPUBLIC SERVICES, INC., et al.,** | ) | **ORDER** |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |
| | ) | |

Before the Court is a motion to remand (Doc. 7) pursuant to 28 U.S.C. § 1447 filed by plaintiffs Brian and Jessica Tolloty and their minor son T. Tolloty (collectively as "plaintiffs"). Defendants Republic Services, Inc. ("Republic Services"), Republic Services of Ohio, II, LLC ("Republic Ohio"), Waste Management, Inc. ("WMI"), and Waste Management of Ohio, Inc. ("WMO") (collectively as "defendants") have filed a brief in opposition to plaintiff's motion (Doc. 10), to which plaintiffs have filed a reply (Doc. 11). Also before the Court is a motion for leave to file a surreply and for oral argument filed by defendants. (Doc. 12.) This matter is ripe for disposition. For the reasons that follow, plaintiffs' motion to remand is **GRANTED** and defendants' motion for leave to file a surreply and for oral argument is **DENIED**.

### I.      BACKGROUND

On August 6, 2010, Plaintiffs Brian and Jessica Tolloty, citizens and residents of Ohio, filed this action individually and on behalf of their minor son, T., in the Court of Common Pleas of Stark County, Ohio. (Doc. 1-1.) The complaint alleges that minor, T., contracted

1

leukemia because of exposure to toxic chemicals emanating from a nearby landfill owned and operated by defendants. Plaintiffs assert that the waste disposal processes that led to T.'s exposure began between 1991 and 1999. Defendants' original answers to the complaint admitted ownership and operation of the landfill. (Docs. 1-4, 1-5, 1-6, 1-7.)

On May 5, 2011, plaintiffs deposed Linda Smith, a vice-president and corporate secretary for WMI and WMO. (Doc. 7-1.) During her deposition, Ms. Smith testified that defendant WMO, an Ohio corporation, did not exist until 2001 and, therefore, never owned or operated the landfill during the relevant period. According to Ms. Smith, the "WMO" that owned and operated the landfill from 1991 to 1999 was a Delaware corporation, not an Ohio corporation (the "Delaware WMO"). She further testified that the Delaware WMO sold the landfill to the Republic defendants in 1999, before the named WMO defendant (the "Ohio WMO") ever came into existence. In 2001, the Delaware WMO sold or transferred its assets to the Ohio WMO and the Delaware WMO was dissolved.

On July 13, 2011, defendants WMI and WMO moved to amend their answers in the state court to reflect the facts alleged by Ms. Smith at her deposition – that a wholly unrelated Delaware corporation of the same name as the named defendant, WMO, previously owned the landfill. (Doc. 1-9.) On July 26, 2011, plaintiffs filed a response in opposition to defendants' motion to amend. *See Tolloty v. Republic Servs.*, 2010CV2920 (Stark Cty. Ct. C.P. July 26, 2011). On July 27, 2011, counsel for WMI and WMO sent a letter to plaintiffs' counsel asking that plaintiffs dismiss WMO from the suit. On July 28, 2011, plaintiffs' counsel responded to defendants' letter, declining to voluntarily dismiss WMO and affirming plaintiffs' intent to oppose the motions to amend. (Doc. 10-5.)

On August 5, 2011, defendants jointly removed the suit to this Court asserting that the Court has diversity jurisdiction over this matter, 28 U.S.C. § 1332, as to all defendants, with the exception of WMO, whom defendants allege was fraudulently joined to defeat diversity jurisdiction. (Doc. 1 at 3.) Defendants maintain that plaintiffs cannot establish a claim against WMO because it did not own or operate the landfill during the relevant period. (*Id.* at 6.) Defendants' removal petition asserts that the triggering events that first made this action removable were their motions to amend their answers in the state court and their July 27, 2011 letter to plaintiffs' counsel. (Doc. 1 at 7.) In support of their removal petition, defendants submitted Ms. Smith's affidavit, in which she avers to substantially the same facts as disclosed during her deposition. (Doc. 1-8.)

On August 26, 2011, plaintiffs moved to remand this case (Doc. 7), asserting that, pursuant to 28 U.S.C. § 1446(b), defendants' removal petition was untimely because removability was ascertainable more than thirty days prior to the removal, on May 13, 2011, the day that defense counsel received Ms. Smith's deposition transcript.

## II.    DISCUSSION

### A.  General Removal Principles

A defendant may remove to federal court only state court actions that originally could have been filed in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). As a court of limited jurisdiction, a federal district court must proceed cautiously in determining that it has subject matter jurisdiction. *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1252 (6th Cir. 1996). The court must give "due regard" to the power reserved to the states under the Constitution to provide for the determination of controversies in the state courts. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). Accordingly, removal statutes must be

3

construed strictly to promote comity and preserve jurisdictional boundaries between state and federal courts. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). The defendant seeking removal bears the burden of proving the court's jurisdiction. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).

The basis for federal jurisdiction in this matter is diversity. When an action is removed on diversity, the court must determine whether complete diversity exists at the time of removal. "Indeed, 'diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation.' " *Coyne,* 183 F.3d at 492 (quoting *SHR Ltd. P'ship v. Braun,* 888 F.2d 455, 456 (6th Cir. 1989)).

However, "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Id.* at 493 (citing *Alexander,* 13 F.3d at 949). To establish fraudulent joinder, the removing party "must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne,* 183 F.3d at 493. "However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, [the court] must remand the action to state court." *Id.* Again, all doubts are resolved in favor of remand. *Id.*

**B.  Timeliness of Removal**

"A defendant seeking removal must strictly comply with the timing requirements of 28 U.S.C. § 1446(b)." *Fifth Third Bank v. U.S. Golf & Sport Ctrs., Inc.*, No. 3:10CV2451, 2011 WL 3288420, at *3 (N.D. Ohio Aug. 1, 2011) (citing *J.L. McGuire & Assocs. v. Innovative*

4

*Ceramics, Inc.,* 63 F. Supp. 2d 841, 842 (N.D. Ohio 1999)). Section 1446(b) provides, in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading [...].
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days *after receipt by the defendant,* through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may *first be ascertained* that the case is one which is or has become removable [...].

28 U.S.C. § 1446(b) (emphasis added). The Sixth Circuit has stated that, " 'any ambiguity regarding the scope of § 1446(b) should be resolved in favor of remand to the state courts.' " *Mastrosavvas v. Wal-Mart Stores E., LP*, No. 1:10CV2551, 2010 WL 5426846, at *1-2 (N.D. Ohio Dec. 27, 2010) (quoting *Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527, 534 (6th Cir. 1999)). " If the defendant[s'] removal is untimely, then the matter *must* be remanded." *Williams v. Cracker Barrel Old Country Store*, No. No. 06-109-JMH, 2006 WL 1793614, at *2 (E.D. Ky. June 28, 2006) (citing *Mitchell v. Ky. Am. Water Co.*, 178 F.R.D. 140, 142 (E.D. Ky. 1997) (emphasis in original)). This rule is equally applicable in cases in which a defendant claims fraudulent joinder. *See, Whiteley v. Wolverine Harley-Davidson, Inc.*, No. 2:10-CV-12410, 2010 WL 3564262, at *2 (E.D. Mich. Sept. 9, 2010); *Canales v. JB Hunt Transport, Inc.*, No. C-11-72, 2011 WL 999539, at *2 (S.D. Tex. March 18, 2011) ("[In] removal cases involving fraudulent joinder claims, the period for timely removal commences when the defendant can first ascertain that a party has been fraudulently joined.") (internal quotations and citations omitted).

The issue before the Court is whether defendants' removal was timely under the second paragraph of § 1446(b), which, in this case, requires a determination as to when

defendants could have first ascertained that defendant WMO was fraudulently joined as a party, whose presence therefore, would not defeat removal based on diversity.

Plaintiffs argue defendants' removal was untimely on two grounds. First, plaintiffs assert that the thirty-day removal clock began to tick upon defense counsel's receipt of Ms. Smith's deposition transcript on May 13, 2011. It was on that date, plaintiffs assert that the facts regarding the alleged improper joinder of defendant WMO were revealed to defendants. Therefore, according to plaintiffs, since defendants did not remove this case until almost ninety days later on August 5, 2011, this case was not timely removed and must be remanded.

Alternatively, plaintiffs argue that defendants alone knew, or should have known, that defendant WMO  was not the same "WMO" that once owned and operated the landfill, and that defendants knew or should have known these facts since the case was filed in August 2010. Therefore, according to plaintiffs, removal would have only been timely if filed within thirty days of defendants' receipt of the plaintiffs' state court complaint.

In opposition, defendants argue that the thirty-day removal clock did not begin to run until they had sufficient evidence to show that plaintiffs could not have established a cause of action against WMO, the non-diverse defendant. To this end, defendants assert that, following Ms. Smith's deposition, the facts regarding WMO "remained hotly disputed," and "[p]laintiffs clearly were not satisfied that a conclusive showing had been made with regard to WMO's lack of ownership of the Facility, and they undoubtedly would have contested *the merits* of such a removal on that basis." (Doc. 10 at 4) (emphasis in original). Thus, defendants argue, the "other paper" that triggered the thirty-day removal clock was not Ms. Smith's deposition transcript, but the letter from plaintiffs' counsel on July 28, 2011, in which he expressly denied that defendant

WMO had been conclusively determined not to have owned the landfill and reiterated plaintiffs' intent to assert its claims against defendant WMO. (Doc. 10-5.)

As a threshold matter, the Court must address whether the documents identified by the parties, including Ms. Smith's deposition transcript, the motions to amend filed in the state court, and the letters drafted by counsel, are capable of triggering removal under § 1446(b). Defendants do not dispute that a deposition can serve as an "other paper" under § 1446(b). Indeed the Sixth Circuit has clearly held that, "Unquestionably, information elicited during a deposition may serve" as an "other paper" referred to in the removal statute, 28 U.S.C. § 1446(b)). *Peters v. Lincoln Elec. Co.,* 285 F.3d 456, 466 (6th Cir. 2002) (collecting cases) (notice of removal timely filed within thirty days of plaintiff's deposition testimony that made out a federal claim).

In their removal petition, however, defendants claim that the "other papers" triggering removal in this case were WMI and WMO's motions to amend that were filed in the state court and defense counsel's letter requesting that plaintiffs dismiss WMO. Under the unambiguous language of § 1446(b), these papers cannot serve such a purpose. The statute clearly states, "a notice of removal may be filed within thirty days *after receipt by the defendant,* through service or otherwise, of a copy of an amended pleading, motion, order or other paper […]." 28 U.S.C. § 1446(b) (emphasis added). Defendants did not receive their own motions or letter. Thus, these documents are not "other papers" pursuant to the removal statute and cannot serve the basis of triggering the thirty-day removal time limit. Arguably, the letter from plaintiffs' counsel in response to defense counsel's letter qualifies, as an "other paper" under the statute; however, as outlined below, defendants' receipt of this letter was not the first point in time when they could have ascertained the removability of this case.

The Court concludes that defendants' receipt of Ms. Smith's deposition transcript triggered the thirty-day removal clock. Defendants have failed to point to any operative facts or additional evidence relevant to the issue of fraudulent joinder that became known to them subsequent to Ms. Smith's deposition. As noted above, the period for timely removal commenced when defendants could have first ascertained that WMO was fraudulently joined. Defendants admit, "it was in the preparation for Ms. Smith's deposition […] that Defendants' counsel first discovered this issue […]." (Doc. 10 at 2, n.2; Doc. 10-1, Weaver Aff. ¶ 3.) Defendants have not alleged that plaintiffs came forward with evidence to rebut Ms. Smith's testimony or to demonstrate that defendant WMO did in fact own the landfill during the relevant period.

Defendants argue that the basis for removal was not clear in light of plaintiffs' counsel's letter, indicating he harbored doubts as to the validity of Ms. Smith's assertions and stating he wished to pursue further discovery on the matter. Plaintiffs' intent to proceed against defendant WMO in the face of Ms. Smith's assertions, however, is not a relevant consideration on the motion to remand. Nor could his assertions alone defeat the factual basis for removal that was first disclosed by defendants' witness at her deposition. *White v. Humana Ins. Co.*, No. 10-570-C, 2010 WL 5139232, at *2 (W.D. Ky. Dec. 10, 2010) (holding that in the absence of evidence to the contrary, "the assertions contained in […] affidavits and depositions are assumed to be true[]" for purposes of a motion to remand. ) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97-98 (1921)).

In short, none of the facts or evidence relevant to defendants' removal changed between the time when Ms. Smith was deposed in May 2011 and the beginning of August 2011 when defendants removed. Thus, the possibility of fraudulent joinder was first ascertainable

8

when defendants received the transcript from Ms. Smith's deposition on May 13, 2011. Accordingly, defendants' removal of this case more than ninety days later, on August 5, 2011, was untimely.

Moreover, the Court notes that a defendant's ignorance of information within its actual knowledge may not forestall the deadline of removing a case to federal court. *See M.D. v. Advanced Med. Optics, Inc.*, No. 5:09-CV-696, 2009 WL 1314754, at *2 (N.D. Ohio May 11, 2009) ("The Court is required to examine the defendant's knowledge of the claims at issue to determine when removable should have occurred."). Although unrelated defendants might not be charged with knowledge of their codefendants' citizenship and corporate histories, in cases such as this, where the defendants share a close relationship and are represented by the same counsel, the parties and joint counsel must make reasonable efforts to "intelligently ascertain" these facts about themselves, even if not clear from the face of the complaint. *See, Praisler v. Ryder Integrated Logistics, Inc.*, 417 F. Supp. 2d 917, 921 (N.D. Ohio 2006) (holding defendant corporation who shared counsel with codefendant employee was presumed to know citizenship of its employee from the outset); *Cracker Barrel*, 2006 WL 1793614 at * 3 ("where Defendants are represented by the same counsel, Defendants must reasonably investigate the basis of removal upon receipt of the complaint").

Here, defendants alone knew or could have known, from the outset of this case, that defendant WMO did not exist until 2001 and, therefore, could never have owned the landfill in question. This information was not obtained from plaintiffs, but was in the exclusive possession and control of defendants. Defendant WMO's corporate history *could* have reasonably been ascertained in the days following receipt of the complaint. Indeed, Ms. Smith, WMI's Corporate Secretary and the Ohio WMO's Vice President and Secretary, is listed as the

9

former Vice President and Assistant Secretary of the now dissolved Delaware WMO. (Doc. 10-3, Verification of Linda J. Smith, Ex. A.)  It matters not that plaintiffs contested the accuracy of WMO's corporate history; the relevant inquiry is whether defendants *could have ascertained* the information relevant to the removal petition. *See, Cracker Barrel*, 2006 WL 1793614 at *3-4 (removal untimely where facts supporting fraudulent joinder could have been ascertained upon counsel interviewing their own client);[1] *see also, Link v. Wabash R.R. Co.,* 370 U.S. 626, 633-34 (1962) (a litigant is bound by the oversight of his or her attorney). While the confusion of counsel and defendants is understandable in this case, the Court finds that upon reasonable investigation, defendants could have ascertained that WMO was fraudulently joined from the face of the complaint, in which joint ownership and/or control of the landfill by all defendants was asserted.

Because the thirty-day removal clock began to run on May 13, 2011, if not earlier, the time to remove this case on the grounds of fraudulent joinder expired long before the removal petition was filed, and the Court lacks subject matter jurisdiction over this case. *Whiteley*, 2010 WL 3564262 at *2 (remanding where defendant could have established case for fraudulent

---

[1] As the court observed in *Cracker Barrel*, public policy reasons support this result:

> [W]hen both defendants are represented by the same counsel, the taking of one of the defendants' depositions, a year after the complaint was filed, cannot be the time period wherein defendants first ascertain that the action is removable for policy reasons. If this were the rule, then defendants could wait idly by until *their* clients are deposed by opposing counsel, all the while either not interviewing their clients to determine if they are fraudulently joined, or knowing that the client is fraudulently joined and merely waiting until his deposition to remove the case. Either scenario is displeasing to the Court and contrary to the purposes of timely removal. *See McCraw,* 863 F. Supp. at 434 (holding that the time limitation for removal has the dual purpose of precluding a "wait and see" approach and minimizing "the delay and waste of resources involved in starting a case over in federal court after substantial proceedings have taken place in state court").

2006 WL 1793614 at *4 (emphasis in original).

joinder upon filing of original complaint when the facts supporting removal were "equally apparent" then as when plaintiff filed an amended complaint). Accordingly, plaintiffs' motion to remand is **GRANTED**.

### C. Defendants' Motion for Leave to File a Surreply and Request for Oral Argument

Defendants' motion for leave to file *instanter* a surreply brief in opposition to plaintiffs' motion for remand (Doc. 12) is **DENIED**. The Court has previously observed that:

> The primary purpose for allowing the moving party to serve and file a reply memorandum in support of a motion is so it can respond to any new issues raised by the memorandum in opposition. Consideration of defendants' surreply would frustrate the purpose of allowing the plaintiffs-movants to be the first and last to be heard on their pending Motion for Remand.

*Dobbins v. Nat'l Ass'n of Sec. Dealers*, No. 5:06CV2968, 2007 WL 2407081, at *1 (N.D. Ohio Aug. 22, 2007). Moreover, "[t]o the extent that the proposed surreply repeats arguments already made, it is improper." *First Realty Prop. Mgmt., Ltd. v. McDonald & Co. Sec., Inc.*, No. 1:07CV2226, 2008 WL 80062, at *5 (N.D. Ohio Jan 4, 2008).

Further, the Court has reviewed the case law cited by the parties in their respective briefs, as well as the parties' exhibits, and has found no need to hear oral arguments on plaintiffs' motion to remand; accordingly, defendants' request for a hearing is also **DENIED**.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand is **GRANTED**, and defendants' motion for leave to file a surreply and for oral argument is **DENIED**. The Clerk of Court is directed to **REMAND** this matter forthwith to the Court of Common Pleas of Stark County, Ohio.

**IT IS SO ORDERED**.

Dated: February 17, 2012

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**